UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DMAC LLC and FOURMEN CONSTRUCTION, INC.,

                                      Plaintiffs,

      -against-

CITY OF PEEKSKILL, CITY OF PEEKSKILL
MAYOR AND COMMON COUNCIL, CITY OF
PEEKSKILL ZONING BOARD OF APPEALS,         **MEMORANDUM DECISION**
CITY OF PEEKSKILL PLANNING COMMISSION,          **AND ORDER**
CITY OF PEEKSKILL DEPARTMENT OF PLANNING,
DEVELOPMENT AND CODE ASSISTANCE, CITY OF        09 Civ. 5093 (GAY)
PEEKSKILL DEPARTMENT OF PUBLIC WORKS,
CITY OF PEEKSKILL DEPARTMENT OF PUBLIC
WORKS BUILDING DEPARTMENT, CITY OF
PEEKSKILL CITY PLANNER, DIRECTOR OF THE
CITY OF PEEKSKILL DEPARTMENT OF PLANNING,
DEVELOPMENT AND CODE ASSISTANCE, DAVID
GREENER in his official capacity as the DIRECTOR
OF PUBLIC WORKS and any successor to such
position, VICTOR PIZZELLA, in his official capacity as
the CITY OF PEEKSKILL BUILDING INSPECTOR and
any successor to such position, JEFFREY P. ROMA,
in his official capacity as the CITY OF PEEKSKILL
CODE ENFORCEMENT OFFICER and any successor
to such position, and THE WESTSIDE
NEIGHBORHOOD ASSOCIATION,

                                     Defendants.
-------------------------------------------------------------------X

        Plaintiffs are the owners/developers of the subject property located in the City of Peekskill, New York. In early 2003, in conjunction with their proposal to construct five townhouses on the subject property, plaintiffs began the process of obtaining the necessary land use approvals. On January 23, 2007, plaintiffs filed the signed Site Plan Subdivision Plat with the County of Westchester and, shortly thereafter, began

construction on five townhouses in a development known as The Cove, located on Simpson Place in Peekskill. After plaintiffs had completed all grading, drainage and foundations and most of the framing, the Westside Neighborhood Association began to strongly vocalize their opposition to the townhouses' construction. In March 2007, the City of Peekskill issued a Stop Work Order. On June 1, 2009, plaintiff commenced the instant action alleging that defendants, motivated solely by political concerns, engaged in a persistent course of conduct designed to prevent plaintiffs from completing construction in violation of their constitutionally protected property rights including, but not limited to, plaintiffs' substantive due process and equal protection rights.

Presently before this Court are the parties' cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP").[1] Pursuant to FRCP 56(a), summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." See Fed. R. Civ. P. 56(a). When deciding a summary judgment motion, the court must resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion. See LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp., 424 F.3d 195, 205 (2d Cir. 2005). "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). The question is whether, in light of the evidence, a rational jury could find in favor of the nonmoving

---

[1] This action is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c).

party.  See Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008).  Summary judgment must be denied, therefore, if the court finds "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  See Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).

The Court has thoroughly and carefully reviewed the briefs and voluminous record submitted in conjunction with the instant motions.  Upon due consideration, I conclude that numerous triable issues of fact preclude summary judgment in any party's favor.  Accordingly, the parties' cross-motions for summary judgment are DENIED.

The Clerk of the Court is respectfully requested to terminate the motions (Dkt. #74, #78 and #95).

Dated:  October 29. 2013
        White Plains, New York

SO ORDERED:

_____
GEORGE A. YANTHIS, U.S.M.J.